UNITED STATES DISTRICT COURT
SOUNTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x
MONDU ALLAH,

       Petitioner,

   -against-

UNITED STATES OF AMERICA,

       Respondent.
------------------------------------------------------- x

ORDER

19-CV-2251 (CS)
15-CR-509-1 (CS)

Seibel, J.

    Petitioner Mondu Allah has filed a petition under 28 U.S.C. § 2255, (Doc. 217 ("Pet.")),[1] alleging that: 1) his criminal history category under the United States Sentencing Guidelines was improperly calculated; and 2) he received ineffective assistance of counsel on appeal, in that his lawyer should have objected to that calculation. Familiarity with prior proceedings in the case, the standards governing petitions under § 2255, and the special solicitude due to *pro se* litigants is presumed. For the reasons stated below, the Petition is DISMISSED, and in the alternative, DENIED.

I.    Waiver

    First, Petitioner's plea agreement provided that he would not challenge, including via a § 2255 petition, any sentence within or below the stipulated Sentencing Guidelines range of 168-210 months' imprisonment. (Doc. 220-1 at 6-7.) He was sentenced to 168 months in prison, (Doc. 133 at 2), so the waiver applies on its face, *see Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016) (*per curiam*) ("A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable."); *United States v.*

---

[1] All docket references are to No. 15-CR-509.

*Gomez-Perez*, 215 F.3d 315, 319 (2d Cir. 2000) (waiver provisions upheld even in circumstances where sentence may have been imposed in illegal fashion or in violation of Guidelines but was within range to which parties agreed); *United States v. Martinez*, No. 09-CR-1022, 2014 WL 7146846, at *5 (S.D.N.Y. Dec. 12, 2014) (knowing and voluntary waiver of right to litigate pursuant to § 2255 is valid and enforceable).² Petitioner does not allege that any of the circumstances that might justify non-enforcement of a waiver apply here, and there is no indication that they do. *See United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010); *United States v. Monzon*, 359 F.3d 110, 118-19 (2d Cir. 2004).

It would not be fair for a defendant to obtain the benefits of a plea agreement, in part by voluntarily waiving his right to appeal or collaterally attack his sentence, and then seek to evade the waiver while retaining the benefits. *See United States v. Salcido-Contreras*, 990 F.2d 51, 53 (2d Cir. 1993) (*per curiam*); *see also Roldan v. United States*, No. 96-CV-959, 1997 WL 214964, at *3 (S.D.N.Y. Apr. 25, 1997) ("[T]he plea bargaining process would be rendered meaningless were [the Court] to permit [Petitioner] to retain the profits of his guilty plea while declining to give the government the benefit of its bargain.").

Accordingly, the Petition must be dismissed.

II.     Merits

In any event, the Petition fails on the merits. Claims regarding misapplication of the Sentencing Guidelines are not cognizable on a § 2255 petition. "Insofar as claims regarding a sentencing court's error in failing to properly apply the Sentencing Guidelines are neither constitutional nor jurisdictional, . . . absent a complete miscarriage of justice, such claims will

---

²The Court will send Petitioner copies of any unpublished decisions cited in this Order.

not be considered on a § 2255 motion where the defendant failed to raise them on direct appeal." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996) (*per curiam*); *see Mann v. United States*, No. 15-CR-667, 2016 WL 5900174, at *6 (S.D.N.Y. Oct. 11, 2016) (Guidelines errors not considered under § 2255 unless constitutional or jurisdictional).

Further, Petitioner's complaint is that three of his convictions "did not qualify for purposes of career offender and/or points" because none of them "count as a 'controlled substance offense' for purposes of enhancement," pursuant to *Harbin v. Sessions*, 860 F.3d 58 (2d Cir. 2017), and *United States v. Barrow*, 230 F. Supp. 3d 116 (E.D.N.Y. 2017). (Pet. at 4.) But Petitioner was not sentenced as a career offender, nor was the definition of "controlled substance offense" at issue in his case. Assuming that Petitioner is correct that the three specified convictions would not qualify as "controlled substance offense[s]" under the Sentencing Guidelines, the matter is irrelevant because no enhancement or other Guidelines interpretation of that definition arose in connection with Petitioner's sentencing. Those convictions simply resulted in the assessment of criminal history points under U.S.S.G. §§ 4A1.1 and 4A1.2 based on the length of the sentence , like any other prior conviction, whether involving controlled substances or not.[3] There was thus no error in his criminal history calculation.

It follows that Petitioner cannot have received ineffective assistance of appellate counsel. Because the criminal history calculation applied at sentencing was correct, counsel cannot have been at fault for failing to attack it, nor can Petitioner have been prejudiced by that decision.

---

[3]Petitioner incorrectly states that the Court adopted the Presentence Report's calculation of 15 criminal history points, (Pet. at 4), but in fact the Court found that Petitioner had 13 criminal history points, (Doc. 154 at 15-18).

"Failure to make a meritless argument does not amount to ineffective assistance." *United States v. Arena*, 180 F.3d 380, 396 (2d Cir. 1999), *abrogated on other grounds by Scheidler v. Nat'l Org. for Women, Inc.*, 537 U.S. 393 (2003). Further, had counsel raised the objection Petitioner now faults him for omitting, it would have violated the plea agreement, and thus risked the substantial benefits Petitioner received under that agreement.[4]

In his reply, Petitioner argues that trial counsel was ineffective "in advising Petitioner that he could not plead guilty to just the charge in count one of the indictment (conspiracy) and pursue trial on the other charge to which he pled guilty, i.e., possession of a stolen firearm." (Doc. 222 at 1-2.) This claim – which I could ignore because it was raised only in reply, *see McCallum v. United States*, No. 14-CR-476, 2019 WL 5088587, at *4 (S.D.N.Y. Mar. 1, 2019) – is nonsensical, given that Petitioner pleaded only to Count One of the Indictment, which charged conspiracy, (*see* Doc. 2 at 1-4; Doc. 196 at 4, 20), and Count Two, which charged Petitioner with using and carrying a firearm during and in relation to Count One, was dismissed at sentencing, (Doc. 154 at 25).

---

[4]Those benefits included that the Government agreed to allow Petitioner to plead to an offense carrying a five-year mandatory minimum rather than a ten-year mandatory minimum, to refrain from filing a prior felony information, and to dismiss Count Two. (Doc. 220-1 at 2.) Absent those concessions, Petitioner would have faced a twenty-five-year mandatory minimum if convicted after trial. Given Petitioner's record (he was in Criminal History Category VI even though eleven of his prior convictions resulted in no criminal history points, (*see* Presentence Report ¶¶ 50-67; Doc. 154 at 16-17)) and the strength of the case (which included wiretap intercepts, cooperator testimony and Defendant's sale of drugs in approximately 13 controlled buys, (*see* Doc. 196 at 18)), he was fortunate to be offered such a deal.

Conclusion

For the reasons stated above, the Petition is DISMISSED, and in the alternative, DENIED.[5]  The Clerk of Court is respectfully directed to:  1) terminate Doc. 217 in No. 15-CR-509; 2) close case No. 19-CV-2251; and 3) send a copy of this Order to Petitioner Mondu Allah, No. 72221-054, USP Canaan, U.S. Penitentiary, P.O. Box 300, Waymart, PA 18472.  As the Petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.  28 U.S.C. § 2253; *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).

SO ORDERED.

Dated: November 15, 2019
       White Plains, New York

                                              _____
                                              CATHY SEIBEL, U.S.D.J.

---

[5] No hearing is necessary because the claims fail as a matter of law and there are no disputed facts requiring resolution at a hearing.  *See Jarvis v. United States*, No. 10-CV-5693, 2012 WL 34091, at *4 n.2 (E.D.N.Y. Jan. 6, 2012); *Frias v. United States*, No. 09-CV-2537, 2010 WL 3564866, at *8 (S.D.N.Y. Sept. 13, 2010).